IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                    No. 2:09-cv-1065 KJM KJN (TEMP) P

   vs.

J. MCGUIRE, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a California prisoner proceeding without counsel and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. On December 9, 2010, in Hollis v. Downing, 2:09-cv-3431 FCD KJN P, the court recommended that plaintiff's in forma pauperis status be revoked because, prior to filing that action, petitioner had "struck out" under 28 U.S.C. § 1915(g).[1] The court found that the following cases qualify as "strikes:"

---

[1] Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

      1. <u>Hollis v. Evans</u>, 08-15037 (9th Cir.) dismissed December 18, 2008.

      2. <u>Hollis v. Villanueus</u>, 09-15523 (9th Cir.) dismissed August 26, 2009.

      3. <u>Hollis v. Mazon-Alec</u>, 1:03-cv-6842 (E.D. Cal.) dismissed January 27, 2005.

      4. <u>Hollis v. Villanueus</u>, 3:07-cv-04538 (N.D. Cal.) dismissed February 2, 2009.

Plaintiff's in forma pauperis status was in fact revoked on February 10, 2011.

This action was commenced on April 12, 2009, when plaintiff submitted his original complaint to prison officials for mailing. See <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988) (notice of appeal in habeas action deemed filed on the day the habeas petitioner handed the notice to prison officials for mailing). Pursuant to the findings made in <u>Hollis v. Downing</u> referenced above, plaintiff had "struck out" under 28 U.S.C. § 1915(g) before this action was filed as well.

Plaintiff could still proceed in forma pauperis in this action if he alleges in his complaint that he is "under imminent danger of serious physical injury." <u>Id</u>. The court has reviewed plaintiff's operative complaint, that was filed on June 24, 2010, and there is no allegation that plaintiff is under imminent danger of physical harm nor does plaintiff seek an injunction in an attempt to end a threat of harm.

In light of the forgoing, plaintiff's in forma pauperis status will be revoked. Plaintiff will be ordered to pay the $350.00 filing fee for this action within twenty-one days. Failure to pay the filing fee within twenty-one days will result in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's status as an in forma pauperis litigant in this matter is revoked; and

2. Plaintiff shall submit the $350.00 filing fee for this action to the Clerk of the Court within twenty-one days. Failure to submit the filing fee within twenty-one days will result

\\\\\

\\\\\

1 in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil
2 Procedure.
3 DATED: February 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl1065.rifp