IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                               No. CIV S-09-1065 KJM-KJN P

    vs.

J. MCGUIRE; et al.,                      ORDER

    Defendants.

           On December 15, 2011, plaintiff filed a motion for reconsideration in accordance with Federal Rule of Civil Procedure 60. (ECF 50.) Plaintiff asks the court to reconsider its orders revoking his *in forma pauperis* ("IFP") status and dismissing the case. (*Id.*) Specifically, relying on *Silva v. DiVittorio*, 658 F.3d 1090 (9th Cir. 2011), he contends that there has been a subsequent change in the law affecting calculation of strikes for purposes of determining whether to grant IFP status. (*Id.*) Rule 60(b) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . misrepresentation, or misconduct . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justified relief." A Rule 60(b) motion "must be made within a reasonable time." FED. R. CIV. P. 60(c)(1).

1

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In *Silva*, the Ninth Circuit found "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." 658 F.3d at 1098-99. Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." *Id.* at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." *Id.* at n.6.

Plaintiff filed his complaint on April 20, 2009. (ECF 1.) On October 9, 2009, the undersigned, as the assigned magistrate judge at the time, granted plaintiff's request to proceed IFP. (ECF 12.) On February 18, 2011, the currently assigned magistrate judge revoked plaintiff's IFP status. (ECF 44.) He found that plaintiff had struck out by relying on *Hollis v. Evans*, 08-15037 (9th Cir.), dismissed December 18, 2008; *Hollis v. Villanueus*, 09-15523 (9th Cir.), dismissed August 26, 2009; *Hollis v. Mazon-Alec*, 1:03-cv-6842 (E.D. Cal.), dismissed January 27, 2005; and *Hollis v. Villanueus*, 3:07-cv-04538 (N.D. Cal.), dismissed February 2, 2009. However, in accordance with *Silva*, only two of these dismissals – *Evans* and *Mazon-Alec* – ripened into a strike for purposes of the above-captioned matter. Furthermore, the two *Villanueus* cases should not be considered separately as one is the appeal of the other. *See Silva*, 658 F.3d at 1101; *see also Hollis v. Gorby*, 2:09-cv-01627-JAM-CKD, Oct. 4, 2011 Order,

/////

2

1 ECF 73.  *Villanueus* became a strike "once the time for filing a certiorari petition expired–ninety
2 days after" the Ninth Circuit dismissed, after this case was filed.
3       Accordingly, plaintiff's motion for reconsideration is GRANTED.  The clerk of
4 the court is directed to REOPEN this case.
5       IT IS SO ORDERED.
6 DATED:  March 12, 2012.

                                                       UNITED STATES DISTRICT JUDGE