IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN G. HOLLIS,

      Plaintiff,                    No. CIV S-09-1065 KJM CKD P

   vs.

J. McGUIRE, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On February 18, 2011, the previously assigned magistrate judge revoked plaintiff's in forma pauperis (IFP) status pursuant to the three-strikes statute, 28 U.S.C. § 1915(g), and ordered plaintiff to pay the filing fee for this action.[1] (Dkt. No. 44.) When plaintiff failed to pay the filing fee, the action was dismissed. (Dkt. Nos. 47, 48.) Plaintiff filed a motion for reconsideration and, on March 12, 2012, the district court issued an order finding that plaintiff was not a three-strikes litigant under section 1915(g), and reopening the case. (Dkt. No. 51.)

        Accordingly, the court will reinstate plaintiff's IFP status. By separate order, the court will direct CDCR to resume collecting monthly payments of twenty percent of the

---

[1] The docket reflects that CDCR and the Financial Department of the court were cc'd on the order revoking plaintiff's IFP status. (Dkt. No. 44.)

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by CDCR to the Clerk of the Court each time the amount in plaintiff's account
3  exceeds $10.00, until the balance of the filing fee[2] is paid in full.  28 U.S.C. § 1915(b)(2).
4         This case proceeds on the Second Amended Complaint (SAC), filed June 24,
5  2010.  (Dkt. No. 41.)  The court is required to screen complaints brought by prisoners seeking
6  relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
10 U.S.C. § 1915A(b)(1),(2).
11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.
18        A complaint must contain more than a "formulaic recitation of the elements of a
19 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
20 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must
21 contain something more...than...a statement of facts that merely creates a suspicion [of] a legally
22 cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
23 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted
24 as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129

---

26  [2] Any previous payments withdrawn from plaintiff's trust account in this matter will be considered in determining what portion of the $350.00 fee remains to be paid.

1   S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has
2   facial plausibility when the plaintiff pleads factual content that allows the court to draw the
3   reasonable inference that the defendant is liable for the misconduct alleged." Id.

4   In reviewing a complaint under this standard, the court must accept as true the
5   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
6   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
7   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8   Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.
9   See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set
10  forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of
11  the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8
12  requires only "sufficient allegations to put defendants fairly on notice of the claims against
13  them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of
14  the cause of action are present, but are scattered throughout the complaint and are not organized
15  into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is
16  proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

17  Plaintiff brings the complaint against nine named defendants at High Desert State
18  Prison (HDSP), where he was formerly incarcerated.  He claims that, between September 2008
19  and January 2010, defendants retaliated against him due to his use of the prison grievance system
20  and his reputation as a jailhouse lawyer.  The alleged retaliation included confiscating property
21  and papers in plaintiff's cell and discontinuing plaintiff's use of an egg crate mattress provided to
22  him as a medical appliance.  Plaintiff also alleges that defendants Lynn, French, and Wright were
23  deliberately indifferent to his medical needs by discontinuing his use of the mattress and a
24  medically-approved pillow.

25  Within the prison context, a viable claim of First Amendment retaliation entails
26  five basic elements: (1) An assertion that a state actor took some adverse action against an inmate

3

(2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Under this standard, the court finds that plaintiff states a retaliation claim for screening purposes against defendants J. McGuire, J. Wright, A. Lynn, and D. Shiplet. As to the remaining defendants, plaintiff's allegations are vague and conclusory, and do not plead one or more of the elements required to state a claim. Thus his retaliation claims against the remaining defendants will be dismissed.

Plaintiff also claims defendants Lynn, Wright, and French violated his constitutional rights to medical care. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. Here, plaintiff fails to sufficiently plead either part of the two-part test. Thus his medical indifference claims will be dismissed.

Plaintiff will be given 30 days from the date of service of this order to amend his complaint to cure any deficiencies outlined above. Plaintiff is not required to file a Third Amended Complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-mentioned defendants and causes of action with prejudice. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

4

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the SAC no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, any amended complaint shall not include allegations unrelated to the claims that are the subject of this action.

Plaintiff's request for an injunction will be addressed in a separate order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants D. Dalu, J. Quiring, C. Nelson, K. Lowther, and French are dismissed with leave to amend. Additionally, all claims except retaliation claims against defendants J. McGuire, J. Wright, A. Lynn, and D. Shiplet are dismissed with leave to amend;

2. Plaintiff is granted 30 days from the date of service of this order to amend his complaint to cure the deficiencies outlined in this order. Plaintiff is not required to file a Third

Amended Complaint, but failure to do so will be construed as plaintiff's consent to the dismissal of the above-mentioned defendants and causes of action;

    3. If plaintiff elects to amend, any amended complaint shall bear the docket number assigned to this case, shall be labeled "Third Amended Complaint," and shall not exceed twenty (20) pages.

    4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated: May 18, 2012

                                            _____
                                            CAROLYN K. DELANEY
                                            UNITED STATES MAGISTRATE JUDGE

2
holl1065.reopen