IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN G. HOLLIS,

    Plaintiff,   No. CIV S-09-1065 KJM CKD P

  vs.

J. McGUIRE, et al.,

    Defendants.   ORDER

_____/

        By order filed June 14, 2012, the magistrate judge assigned to this case ordered that this action be dismissed with prejudice as to defendants D. Dalu, J. Quiring, C. Nelson, K. Lowther, and French. (ECF 57.) In an earlier screening order, the magistrate judge determined that plaintiff's Second Amended Complaint failed to state a claim against these defendants. (ECF 53 at 4.) Plaintiff then filed a request for dismissal, citing Federal Rule of Civil Procedure 41(a)(2). (ECF 55.)[1] He did not file a Third Amended Complaint. (*See* ECF 57 at 1-2.) On

/////

---

[1] Because defendants had not served answers or motions for summary judgment, plaintiff was not required to file a request for dismissal under Rule 41(a)(2); rather, a notice of dismissal under Rule 41(a)(1)(A)(I) would have been more appropriate. However, as these defendants had effectively already been dismissed, as discussed *infra*, this is a distinction without a difference.

1

1   June 21, 2012, plaintiff filed a motion for reconsideration of the June 14, 2012 order dismissing
2   the defendants named here "with prejudice." (ECF 58.)
3         Under Local Rule 303(f), a magistrate judge's orders shall be upheld unless
4   "clearly erroneous or contrary to law." Upon review *de novo* of the entire file, the court finds
5   that the magistrate judge's ruling was supported by the record and by the law. Plaintiff's request
6   for dismissal was filed after the magistrate judge determined plaintiff's allegations as to the five
7   defendants in question were "vague and conclusory, and do not plead one or more of the
8   elements required to state a claim." (ECF 53 at 4.) The magistrate judge accordingly dismissed
9   plaintiff's claims against these defendants with leave to amend. (*Id.* at 5.) As plaintiff cannot
10  seek to dismiss defendants that have already been dismissed, plaintiff's request for dismissal
11  accordingly is ineffective. Because plaintiff did not file a third amended complaint, the
12  magistrate judge's dismissal on the merits governs these defendants. *See Chambers v. NASCO,*
13  *Inc.*, 501 U.S. 32, 49 (1991) ("[A] federal district court has the inherent power to dismiss a case
14  *sua sponte* for failure to prosecute . . . ."); Local Rule 110 ("Failure of counsel or a party to
15  comply with these Rules or with any order of the Court may be grounds for imposition by the
16  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the
17  Court."). Even assuming without deciding that the dismissal should have been recommended to
18  this court, this court would have adopted the recommendation. *See Florence v. Stanback*, 607 F.
19  Supp. 2d 1119, 1122 (C.D. Cal. 2009) (court may ignore form of magistrate judge's order and
20  construe as recommendation).
21        Therefore, IT IS HEREBY ORDERED that, upon reconsideration, the order of
22  the magistrate judge filed June 14, 2012 is affirmed.
23  DATED: December 21, 2012.

_____
UNITED STATES DISTRICT JUDGE